UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:23-MJ-032-ERE |
| | ) | |
| ALQUANTAVIOUS STOKES | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR IMMEDIATE RELEASE WITH CONDITIONS**

The United States, through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Jana Harris, Assistant United States Attorney for said district, for its Response to Defendant Alquantavious Stokes' Motion for Immediate Release states:

**BACKGROUND**

On February 20, 2023, while law enforcement officials were conducting surveillance of a blue letter collection box at the Forest Park Post Office on 5420 Kavanaugh Blvd. in Little Rock, a Dodge Challenger parked nearby at approximately 12:20 a.m. An individual, later identified as Alquantavious Stokes, was seen using a postal key to open the mailbox and take mail. Officers drove to the mailbox, activated their emergency lights and got out of their vehicles once they stopped. They loudly identified themselves as police and gave Stokes commands to stop. Initially, Stokes paused and held his arms out. At that point, there were officers in front of him and behind him. Stokes then ran from officers through the rear parking lot of the Simmons Bank on Kavanaugh Blvd. and then went over a fence at the edge of the property. As he ran, he dropped several pieces of mail. Law enforcement searched the area but was unable to locate Stokes. Inside the Dodge Challenger, which was still running, was a postal key in the center console, stolen mail, credit cards and driver's licenses that were not in the defendant's name, and a loaded FN Five-

Seven 5.7x28 pistol under the driver's seat. The defendant was charged with Theft of Mail in violation of 18 U.S.C. § 1708 and Possession of a Stolen Postal Key by a sealed complaint in violation of 18 U.S.C. § 1704.

On March 27, 2023, an officer with the Maumelle Police Department was dispatched to Simmons' Bank at 201 Carnahan Drive for a report of fraud. The officer made contact with Stokes inside the bank and identified herself. Stokes ended up saying he wasn't doing anything, that he and the manager were friends, and he was visiting her. Then, he shoved past the officer and fled on foot. Stokes ran across the Maumelle golf course, fled into neighboring woods, and eventually surrendered and was arrested.

On March 28, 2023, Stokes appeared before United States Magistrate Judge Harris for his Initial Appearance. During the Initial Appearance, the Government requested detention on the grounds that Stokes is a flight risk. The defendant requested a preliminary examination and bond hearing. Judge Harris temporarily remanded Stokes to the custody of USMS pending both the preliminary and bond hearing. (Doc. 5). The Court contacted counsel for the defendant and the United States about a potential court date to schedule the preliminary and bond hearing. Stokes agreed to schedule the preliminary hearing on April 5, 2023. On March 29, 2023, Stokes filed a Motion for Immediate Release with Conditions alleging that there was an insufficient basis for a detention hearing.

**LAW AND ARGUMENT**

I. **The Bail Reform Act of 1984**

"[T]he Government must establish by a preponderance of the evidence that it is entitled to a detention hearing." *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019). "[T]he defendant

may challenge that the United States has met that burden." *United States v. Cobix-Espinoza*, No. 323CR00002GFVTMAS, 2023 WL 1860982, at *2 (E.D. Ky. Feb. 9, 2023). However, a defendant "cannot [] contest the United States' right to a detention hearing after previously submitting to the hearing and not contesting the basis for the hearing." *United States v. Lizardi-Maldonado*, 275 F. Supp. 3d 1284, 1289 (D. Utah 2017). *See United States v. White*, No. 3:21-MJ-04070, 2021 WL 2155441, at *6 (M.D. Tenn. May 27, 2021) (explaining that when the defendant does not challenge the United States' right to a detention hearing, the defendant has arguably waived or forfeited the right to object to a hearing).

In considering whether release or detention is appropriate, the court must consider whether the defendant is a risk of flight or a danger to the community under the factors outlined in 18 U.S.C. § 3142(g), and then consider whether any conditions or combination of conditions of release will reasonably assure both the defendant's appearance and the community's safety under 18 U.S.C. § 3142(c) and (e). *United States v. Stenger*, 536 F. Supp.2d 1022, 1025 (S.D. Iowa 2008) (citing *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985)). *See also United States v. Holmes*, 438 F.Supp. 2d 1340, 1343 (S.D. Fla. 2005) (finding that by adopting new factors directed to dangerousness "it seems logical to conclude that Congress intended that the courts actually consider these factors in every instance when a detention hearing properly takes place pursuant to § 3142(f)"); *United States v. Hamade*, No. CR152373JRTBRT, 2019 WL 7283990, at *5 (D. Minn. Dec. 27, 2019) (rejecting defendant's argument that it was an error for the court to consider dangerousness in the pretrial detention determination where government sought detention pursuant to § 3142(f)(2)(A)).

If the Court finds by a preponderance of the evidence that the defendant is a serious flight risk or by clear and convincing evidence that the defendant is a danger to the community, the Court

may detain the defendant. *Orta*, 760 F.2d at 891. The factors to be considered under 18 U.S.C. § 3142(g) include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to persons in the community that would exist if the defendant was released. 18 U.S.C. § 3142(g).

During the Initial Appearance, the defendant verbally agreed to schedule a preliminary hearing at a later date. The defendant did not object to scheduling a preliminary and bond hearing. As previously stated, the defendant agreed to schedule the preliminary hearing on April 5, 2023. The defendant had the opportunity to request an earlier date for the preliminary hearing and bond hearing, but the defendant did not do so.

## II. The Defendant is a Serious Risk of Flight

18 U.S.C. § 3142(f)(2)(A) provides that the court shall "hold a hearing to determine whether any condition or combination of conditions … will reasonably assure the appearance of [a defendant] and the safety of any other person and the community" upon motion of the government in any "case that involves … a serious risk that such person will flee." *See also United States v. Clum*, 492 F. App'x 81, 85 (11th Cir. 2012) (affirming district court's finding that "the significant evidence of [the defendant's guilt] and "his physical resistance to being arrested … demonstrated that [the defendant] presented a serious risk of flight"); *United States v. Gibson*, 384 F. Supp. 3d 955, 964 (N.D. Ind. 2019) (where the defendant fled from law enforcement on multiple occasions, the court found that the United States established that the defendant was a serious risk of flight by a preponderance of the evidence).

The United States submits that the defendant is a serious flight risk and that the United States is entitled to a detention hearing under 18 U.S.C. § 3142(f)(2). Here, Stokes fled from police

twice. The first incident occurred on February 20, 2023, when officers approached him after he had stolen mail from a collection box. The second incident of flight occurred on March 27, 2023, when Stokes fled from another law enforcement officer. Moreover, CourtConnect revealed an active warrant for the defendant for Failing to Appear before the Little Rock District Court.

### III.   The Defendant Possessed a Firearm in the Commission of the Instant Offense

Alternatively, § 3142(f)(2)(E) provides that the government may move for a detention hearing in a case that involves "any felony that is not otherwise a crime of violence … that involves the possession or use of a firearm[.]" The threshold requirement is that "the Government need only show by a preponderance of the evidence that Defendant possessed a gun[.]" *United States v. Wilson-Bey*, No. 221CR00306GMNNJK, 2022 WL 1217188, at *3 (D. Nev. Apr. 25, 2022) (detention hearing was proper where "the Government provided evidence of an email sent from Defendant's email account that included threatening photo of the gun"); *United States v. Carrington*, No. 2:19-CR-59-PPS-JPK, 2020 WL 2029391, at *6 (N.D. Ind. Apr. 28, 2020) (finding § 3142(f)(2)(E) was another ground for detention where a firearm was used in the commission of a kidnapping). Here, a search of Stokes' Dodge Challenger revealed a loaded handgun under the driver's seat. Therefore, Stokes' was in possession of a firearm at the time he committed mail theft with a stolen postal key.

### CONCLUSION

The preliminary and bond hearing is scheduled for April 5, 2023. The United States requests that the Court address the preliminary hearing issue first. After addressing the preliminary hearing, the United States requests that the Court consider the United States' request for a detention

hearing and the Court can receive any additional evidence that has not been previously presented that is specific to the basis for a detention hearing.

WHEREFORE, the United States requests that the Defendant's Motion for Immediate Release be denied.

JONATHAN D. ROSS
UNITED STATES ATTORNEY

BY:  JANA HARRIS (88021)
Assistant United States Attorney
P. O. Box 1229
Little Rock, Arkansas  72203
501-340-2600
jana.harris@usdoj.gov
